```
 1  FENNEMORE CRAIG, P.C.
    Amy Abdo (No. 016346)
 2  Brett C. Gilmore (No. 034598)
    2394 E. Camelback Road
 3  Suite 600
    Phoenix, Arizona 85016
 4  Telephone: (602) 916-5000
    Email: amy@fennemorelaw.com
 5  Email: bgilmore@fennemorelaw.com

 6  LOEB & LOEB LLP
    OLEG STOLYAR (CA SBN 229265 – PHV
 7  Pending)
    astolyar@loeb.com
 8  JEREMY MARGOLIS (IL SBN 1763865)
    jmargolis@loeb.com
 9  DAVID BEDDINGFIELD (CA SBN 308491)
    dbeddingfield@loeb.com
10  10100 Santa Monica Blvd., Suite 2200
    Los Angeles, CA 90067
11  Telephone:   310.282.2000

12  Attorneys for Plaintiffs Oleg Boyko
    and Finstar-Holding LLC
13
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, an individual, and Finstar-Holding LLC, a Russian limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Alexey Kondratiev, an individual, and <olegvboyko.website>,<br><br>Defendants. | No.<br><br>**COMPLAINT FOR:**<br><br>**1. CYBERSQUATTING [15 U.S.C. § 1125(D)(1)]**<br><br>**2. CYBERSQUATTING [15 U.S.C. § 8131]**<br><br>**3. IN REM CYBERSQUATTING [15 U.S.C. § 1125(D)(2)]**<br><br>**DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

Plaintiffs Oleg Boyko ("Boyko") and Finstar Holding LLC ("Finstar", and together with Boyko, "Plaintiffs"), for their complaint against defendant Alexey Kondratiev ("Kondratiev") and defendant <olegvboyko.website> ("Defendant Domain Name"), allege

as follows.

## NATURE OF THE ACTION

1. This is an action for cybersquatting and cyberpiracy against defendant Kondratiev, who is engaged in a campaign to tarnish Boyko's reputation by using Boyko's personal name and the trademark OLEG BOYKO (the "Boyko Mark") to divert consumers from Boyko's legitimate website https://oleg-boyko.com/ to the website owned and controlled by Kondratiev – https://olegvboyko.website (the "Infringing Website") – where demonstrably false statements concerning Boyko's character and business practices are made.

2. As detailed herein, Kondratiev has used and continues to use Boyko's name and the Boyko Mark in a bad faith intent to profit by creating and maintaining a similar website that contains the distinctive "Oleg Boyko" name and mark to confuse and divert consumers from the legitimate https://oleg-boyko.com/ website to the infringing https://olegvboyko.website.

3. Kondratiev's cybersquatting violates the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), as well as 15 U.S.C. § 8131.

4. By this lawsuit, Plaintiffs seek to transfer the Defendant Domain Name to its rightful owner, Plaintiff Boyko, obtain damages caused by Kondratiev's outrageous conduct to the owner of the Boyko Mark (Plaintiff Finstar – which is ultimately owned by Boyko), and receive the injunctive relief that is necessary to stop Kondratiev from irreparably harming Boyko's reputation and the Boyko Mark.

## THE PARTIES

5. Plaintiff Finstar Holding LLC is a limited liability company, organized and existing under the law of the Russian Federation, with its principal place of business in Moscow, Russia. Finstar is the owner of protectable interests in a registered United States service mark comprised of the name "Oleg Boyko." Boyko is also the ultimate beneficiary of Finstar.

6. Plaintiff Oleg Viktorovich Boyko is a citizen of Italy and resident of

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

Switzerland. Boyko is a well-known international investor, philanthropist, and Chairman of Finstar Financial Group, a diversified private equity firm founded in 1996.

7. Defendant Alexey Kondratiev, is an individual residing in Ontario, Canada.

8. Defendant Domain Name <olegvboyko.website> is an Internet domain name, which upon information and belief was registered by Defendant Kondratiev.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), as well as under 15 U.S.C. § 1125.

10. Defendant Kondratiev is subject to personal jurisdiction in this Court by virtue of the forum selection clause he agreed to in registering the Defendant Domain Name – <olegvboyko.website> – through NameCheap, Inc. ("NameCheap"), which has a registration agreement requiring resolution of all disputes in Arizona arising from or related to the domain. Specifically, the NameCheap Registration Agreement reads in pertinent part: "[F]or the adjudication of third party disputes (i.e., disputes between [the registrant, here Kondratiev] and another party [i.e., other than NameCheap]) concerning or arising from use of domain names registered hereunder," the registrant "shall submit without objection … to the subject matter and personal jurisdiction of the courts (ii) where we [i.e., Namecheap] are located, currently those State or federal courts whose geographic districts include Maricopa County, State of Arizona." *See* **Exhibit A**, at Section 29.

11. For the third cause of action herein, pled in the alternative should jurisdiction over Defendant Kondratiev somehow be found lacking, *in rem* jurisdiction and venue are proper in this judicial district pursuant to 15 U.S.C. § 1125(d)(2), because (i) the website violates the rights of the trademark holder, Finstar; (ii) Finstar is unable to obtain *in personam* jurisdiction over Kondratiev or any other person who would be a defendant under 15 U.S.C. § 1125(d)(1); and (iii) *in rem* jurisdiction over a domain name is proper in the judicial district in which the domain name registrar is located. *See* 15 U.S.C. § 1125(d)(2). Therefore, this Court has proper *in rem* jurisdiction because the registrar of the Infringing Website, NameCheap, is located within the District of Arizona. This *in rem*

1  proceeding is unnecessary to the extent the Court finds personal jurisdiction over defendant Kondratiev.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) or, in the alternative, under 15 USC § 1125(d)(2), because the property – the Defendant Domain Name – is located in the District of Arizona, and the registrar for the Defendant Domain Name, NameCheap, is located in the District of Arizona.

**FACTS COMMON TO ALL CAUSES OF ACTION**

13. From 2006 to 2008, Kondratiev provided certain services to several companies in connection with the creation of software for electronic bingo machines.

14. In 2008, Kondtratiev was sued in Ontario, Canada by one of those companies, named Arcadia Participatoes Ltda. (Arcadia") for, among other things, injunctive relief and damages concerning Kondratiev's representations to certain of Arcadia's customers that Kondratiev owned the bingo machines that those customers were provided by Arcadia.

15. Kondratiev then cross-claimed against Arcadia for $10 million in damages, and then added several additional cross-defendants, including Finstar Financial Group LLC (a New York company). Kondratiev claimed that both Arcadia and Finstar Financial Group were owned by Boyko. In 2015, Kondratiev also added Boyko as a cross-defendant to that litigation, claiming $10 million in damages against Boyko.

16. In December 2016, Kondratiev's claims against Boyko were dismissed by the Ontario Superior Court of Justice. Kondratiev's claims against the other defendants in the above-referenced litigation (the "Canada Lawsuit") were also dismissed.

17. During the Canada Lawsuit, Kondratiev repeatedly accused Boyko of alleged criminal conduct and engaged in efforts to injure Boyko's business reputation, in order to extort a monetary payment from Boyko in connection with Kondratiev's meritless claims against Boyko, which were ultimately dismissed. Notably, there was also a cost award entered against Kondratiev in the Canada Lawsuit for vexatious litigation.

18. After his efforts to obtain moneys from Boyko in the Canada Lawsuit proved

unsuccessful, Plaintiffs are informed and believe that Kondratiev registered the domain name <olegvboyko.website> (i.e., the Defendant Domain Name) with the registrar NameCheap.  Plaintiffs subsequently discovered, from a search of the WHOIS database, that the <olegvobyko.com> website was initially registered on August 23, 2017, though it was subsequently repeatedly altered by Kondratiev, with additional content added to that website.

19. The website accessible through the Defendant Domain Name – i.e., https://olegvboyko.website (the Infringing Website) contains false and disparaging information concerning Boyko.  That false information includes, among other things, allegations on the Infringing Website that Boyko has a "continued propensity to engage in illegal activity," that he is affiliated with "organized crime," that "National Credit Bank and his company OLBI-USA had been involved in laundering money . . . which led to the collapse of the Bangkok Bank of Commerce in 1994 [which] in turn contributed to the 1998 Asian financial crisis"; and that "involvement of Mr. Boyko in financing Hollywood movies is money laundering."

20. Notably, the same false allegations set forth in Paragraph 19 above, which were previously published on a website at https://www.kompromat.lv/, have already been found false and defamatory in a decision by the Vidzeme District Court of Latvia, a member of the European Union, in a Judgment dated October 8, 2019, which among other things, ordered the removal of the above-referenced false and defamatory information concerning Boyko from the  https://www.kompromat.lv website.

21. On or about July 14, 2020, once Boyko discovered the existence of the Infringing Website, Boyko's representative attempted to contact Anna Lee, whose name was then listed as the "Registrant" for the Defendant Domain Name.  However, no one responded.

22. Importantly, the phone for the Registrant (identified as Anna Lee at that time) was listed as +1.416.456.9875 on the WHOIS database.  This was the same phone number used by Kondratiev in the prior Canada Lawsuit against Boyko.  Additionally, the address

for the "Registrant" of the Defendant Domain Name on the WHOIS database, at the time Boyko attempted to contact said Registrant to remove the Infringing Website in July 2020, was 130 Queen Street West, Toronto, Ontario, Canada.  Boyko's subsequent investigation could find no trace of anyone by the name of Anna Lee at that address.  Rather, that address turned out to be the address of the Ontario Superior Court of Justice, where the Canada Lawsuit was litigated.

23. Sometime following Boyko's efforts in July 2020 to contact the Registrant of the Defendant Domain Name, in order to have the Infringing Website taken down, all contact information for the Registrant of the Defendant Domain Name was removed from the WHOIS database.  The current information for the Defendant Domain Name on the WHOIS database has the name, address, and all contact information for the Registrant of the Defendant Domain Name "redacted for privacy purposes."  A true and correct copy of the WHOIS database search results as of May 17, 2023, reflecting same, are attached hereto as **Exhibit B**.

24. Plaintiffs are informed and believe that the Infringing Website was last updated in March or April 2022, when additional content disparaging Boyko was added to that website.

## COUNT ONE
**(Violation of the Federal Anti-Cybersquatting Consumer Protection Act)**
**(by Finstar against Kondratiev)**

25. Plaintiffs repeat and reallege the foregoing allegations as though fully set forth herein.

26. The Boyko Mark is a personal name which is a protected mark under 15 U.S.C. § 1125.

27. Finstar owns the Boyko Mark.

28. The Boyko Mark was distinctive and/or famous at the time Kondratiev registered, trafficked in, and/or used the Defendant Domain Name.

29. The Defendant Domain Name fully incorporates the Boyko Mark.

30. The use of the Boyko Mark within the Defendant Domain Name is without authorization from Finstar.

31. The Defendant Domain Name is confusingly similar to the Boyko Mark.

32. Kondratiev registered, trafficked in, and/or used the Defendant Domain Name with the intent to profit from the Boyko Mark.

33. Kondratiev does not have any trademark or other intellectual property right in the Defendant Domain Name.

34. The Defendant Domain Name does not consist of the legal name of Kondratiev, nor does the Defendant Domain Name consist of a name that is otherwise commonly used to identify Kondratiev.

35. Kondratiev has not made any prior use of the Defendant Domain Name in connection with the bona fide offering of any goods or services.

36. Kondratiev has not engaged in bona fide noncommercial or fair use of the Boyko Mark in a website accessible at the Defendant Domain Name.

37. Kondratiev registered, trafficked in, and/or used the Defendant Domain Name to divert consumers from the legitimate https://oleg-boyko.com/ website to the Infringing Website accessible under the Defendant Domain Name, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the https://olegvboyko.website.

38. The website accessible through the Defendant Domain Name is likely to be

39. confused with legitimate website for Boyko, at https://oleg-boyko.com/.

40. Upon information and belief, the registrant of the Defendant Domain Name

41. registered the <olegvboyko.website> with the intent to divert consumers seeking information about Boyko online away from Boyko's legitimate website at https://oleg-boyko.com/ for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the infringing https://olegvboyko.website.

42. 15 USC § 1125(d) prohibits cyber piracy, which is where a domain name is

1  identical or nearly identical to an existing trademark, including a personal name, and is
2  used to divert consumers searching for the trademark to the similar domain name.

3      43.    Kondratiev hid his contact information when applying for and maintaining the registration of the Defendant Domain Name, by initially registering the Defendant Domain Name under a false identity (i.e., Anna Lee), and then by concealing his identity and contact information from the public records for Defendant Domain Name.

      44.    The aforesaid acts by the registrant of the Defendant Domain Name constitute registration, maintenance, and use of a domain name that is confusingly similar to the

      45.    Boyko Mark with bad faith intent to profit therefrom.

      46.    The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of the ACPA, 15 U.S.C. § 1125(d)(1).

      47.    Kondratiev's registration, continued maintenance of the registration for, and use of the Defendant Domain Name has caused and will continue to cause damage to Finstar, in an amount to be proven at trial, and is causing irreparable harm to Finstar for which there is no adequate remedy at law. The harm to Finstar includes harm to the value, reputation, and goodwill associated with the Boyko Mark that money cannot compensate. Unless permanently restrained and enjoined by this Court, such irreparable harm will continue.

### COUNT TWO
### (Violation of 15 U.S.C. § 8131)
### (by Boyko Against Kondratiev)

      48.    Plaintiffs repeat and reallege the foregoing allegations as though fully set forth herein.

      49.    The domain name <olegvboyko.website> (i.e., Defendant Domain Name) consists of the name of another living person, specifically Oleg V. Boyko.

      50.    Kondratiev registered the Defendant Domain Name that consists of the name of Oleg Boyko, or a name substantially and confusingly similar thereto, without Boyko's

consent,

51. Upon information and belief, Kondratiev registered the Defendant Domain Name with the specific intent to profit from such name by selling the Defendant Domain Name for financial gain to Boyko or to a third party, after Kondratiev's $10 million dollar claims against Boyko were dismissed in the Canada Lawsuit.

52. Kondratiev registered the Defendant Domain Name and maintains the Defendant Domain Name with the specific intent to divert users who are searching for Boyko's legitimate website, available at https://oleg-boyko.com/, to https://olegvboyko.website (i.e., the Infringing Website).

53. Kondratiev registered, has used, and is using the Defendant Domain Name in bad faith.

54. Kondratiev hid his contact information when applying for and maintaining the registration of the Defendant Domain Name, by initially registering the Defendant Domain Name under a false identity (i.e., Anna Lee), and then by concealing his identity and contact information from the public records for Defendant Domain Name.

55. Kondratiev has no legitimate business interest in the Defendant Domain Name.

56. The actions of Kondratiev are not exempt from liability under 15 U.S.C. § 8131(1)(B).

57. Kondratiev's violations of 15 U.S.C. § 8131 have caused Boyko to sustain monetary damages in an amount to be determined at trial. Kondratiev's violations of 15 U.S.C. § 8131 have also caused irreparable injury to Boyko, and unless those violations are enjoined by this Court, they will continue, and Boyko will continue to suffer irreparable injury.

58. Kondratiev's actions in violation of 15 U.S.C. § 8131 were knowing, deliberate, and willful.

59. Boyko requests his attorneys fees and costs against Kondratiev, under 15 U.S.C. § 8131(2).

60. Pursuant to 15 U.S.C. § 8131(2), Boyko also requests injunctive relief, specifically, transfer of the Defendant Domain Name to Boyko.

### COUNT III

### (*In rem* Cybersquatting claim under 15 U.S.C. § 1125(d)(2))

### (by Finstar against Defendant Domain Name)

61. Plaintiffs repeat and reallege the foregoing allegations as though fully set forth herein.

62. The registrant of the Defendant Domain Name has registered, trafficked in, and/or used a domain name that is identical or confusingly similar to the Boyko Mark, which was famous and/or distinctive as the time the Defendant Domain Name was registered and maintained, and remains so today.

63. The registrant of Defendant Domain Name has a bad faith intent to profit from the Boyko Mark because the registrant has no legal right to use the Defendant Domain Name, which is being used to divert consumers from the legitimate https://oleg-boyko.com/ website for, upon information and belief, the purpose of commercial gain.

64. The aforesaid acts by the registrant of the Defendant Domain Name constitute unlawful cyberpiracy in violation of 15 U.S.C. § 1125(d).

65. As a direct and proximate result of the aforementioned conduct, Finstar has suffered and will continue to suffer monetary loss in an amount to be proved at trial, as well as irreparable harm to its reputation and goodwill, for which there is no adequate remedy at law.

66. Under 15 U.S.C. § 1125(d)(2), Finstar is entitled to an order requiring the registrar of the Defendant Domain Name, NameCheap, to transfer the Defendant Domain Name to Finstar.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against defendant Kondratiev, and further:

  i. Finding that defendant Kondratiev's conduct as described above is in violation of 15 U.S.C. § 1125(d);

  ii. Granting a preliminary and permanent injunction ordering defendant Kondratiev, and all persons acting in concert with him, to cease and refrain from using the Boyko Mark;

  iii. Awarding plaintiff Finstar a money judgment for defendant Kondratiev's profits and Plaintiffs' damages pursuant to 15 U.S.C. § 1117;

  iv. Awarding plaintiff Finstar $100,000 in statutory damages pursuant to 15 U.S.C. § 1117;

  v. Trebling the award to plaintiff Finstar under 15 U.S.C. § 1117 on account of defendant Kondratiev's willful, intentional, and bad-faith conduct;

  vi. Awarding Plaintiffs their reasonable attorneys' fees and costs pursuant to 15 U.S.C. §§ 1117 and 8131(2);

  vii. Ordering the transfer of the Defendant Domain Name to plaintiff Boyko, as provided in 15 U.S.C. § 8131; or in the alternative, ordering the transfer of the Defendant Domain Name to Plaintiff Finstar under 15 U.S.C. § 1125(d)(2)(D);

  viii. Awarding Plaintiffs pre-judgment and post-judgment interest;

  ix. Awarding Plaintiffs such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all claims and issues so triable.

DATED this 27th day of June, 2023.

            FENNEMORE CRAIG, P.C.


            By: *s/ Amy Abdo*
               Amy Abdo
               Brett C. Gilmore

|     |     |
| --- | --- |
| 1   | LOEB & LOEB LLP |
| 2   |     |
| 3   | By: *s/ Oleg Stolyar* |
| 4   | Oleg Stolyar<br>Jeremy Margolis<br>David Beddingfield |
| 5   |     |
| 6   | *Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC* |