FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Brett C. Gilmore (No. 034598)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: amy@fennemorelaw.com
Email: bgilmore@fennemorelaw.com

LOEB & LOEB LLP
Oleg Stolyar (CA SBN 229265-Pro Hac Vice)
astolyar@loeb.com
Jeremy Margolis (IL SBN 1763865-Pro Hac Vice)
jmargolis@loeb.com
David Beddingfield (CA SBN 308491-Pro Hac Vice)
dbeddingfield@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000

*Attorneys for Plaintiffs Oleg Boyko
and Finstar-Holding LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, an individual, and Finstar-Holding LLC, a Russian limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Alexey Kondratiev, an individual, and <olegvboyko.website>,<br><br>Defendants. | No. CV-23-01186-PHX-DLR<br><br>**PLAINTIFFS' STATEMENT REGARDING WHETHER THE PRELIMINARY INJUNCTION HEARING SCHEDULED FOR AUGUST 25, 2023 SHOULD BE EVIDENTIARY OR VIA ORAL ARGUMENT** |

Pursuant to the Court's Order, dated July 31, 2023 (ECF 22), Plaintiffs Oleg Boyko and Finstar-Holding LLC ("Plaintiffs"), through their counsel, have met and conferred with defendant Alexey Kondratiev (appearing pro per) to attempt to reach agreement as to whether the hearing on August 25, 2023 should be evidentiary or via oral argument.

Although the Court's 07/31 Order directed the parties to submit a joint statement, the parties have been unable to reach agreement on whether the hearing should be evidentiary or via oral argument. Further, Defendant Alexey Kondratiev ("Defendant") has indicated that he intends to bring a separate motion to allow for live testimony at the preliminary injunction hearing. Accordingly, Plaintiffs submit this statement to set forth their position as to why the preliminary injunction hearing should be via oral argument, and not an evidentiary hearing with live witness testimony.

<u>First</u>, as a threshold matter, on July 25, 2023, Plaintiffs' counsel and Defendant (collectively, the "Parties") **agreed that the preliminary injunction hearing would be via oral argument**, not an evidentiary hearing. A true and correct copy of the correspondence reflecting the same, is attached as Exhibit 1 to the concurrently filed Declaration of Oleg Stolyar ("Stolyar Decl.").

However, on August 14, 2023, when Plaintiffs sent Defendant a proposed joint statement reflecting that agreement, Defendant reneged, insisted on an evidentiary hearing, and declared his intention to bring a separate motion to allow for live testimony (via zoom) at an evidentiary hearing. A true and correct copy of the parties' e-mail correspondence, reflecting same, is attached as Exhibit 2 to the Stolyar Declaration.

This Court should not permit Defendant to renege on his prior agreement. Plaintiffs have detrimentally relied on Defendant's prior agreement that the preliminary injunction hearing would be via oral argument, and not an evidentiary hearing. As a result, Plaintiffs' witnesses (who reside overseas) now no longer have sufficient time to make the necessary arrangements, including obtaining the necessary visas, to enter the United States in time to appear at the August 25 hearing. For that reason, promissory estoppel bars Defendant from now demanding that the preliminary injunction hearing should be an evidentiary hearing,

not an oral argument. *See, e.g.*, *Graham-Sult v. Clainos*, 756 F.3d 724, 749 (9th Cir. 2014) ("Four elements comprise a promissory estoppel claim: (1) a promise, (2) reasonable and (3) foreseeable reliance by the promisee, and (4) injury to the promisee.").

<u>Second</u>, in any event, an evidentiary hearing with live testimony is neither required nor necessary to resolve Plaintiffs' motion for preliminary injunction. In the Ninth Circuit, there is no right to an evidentiary hearing for a preliminary injunction, nor even a presumption that one should occur. *See U.S. v. Oregon*, 913 F.2d 576, 582 (9th Cir. 1990) (courts have rejected any presumption in favor of evidentiary hearings in regard to injunctions). Rather, it is well-settled that "the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter." *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994).

Here, the Parties have each submitted briefs supported by written testimony, and will have an opportunity to argue the merits of their respective positions at the August 25 hearing. Notably, it is Plaintiffs, not Defendant, who bear the burden of proof at the hearing on the preliminary injunction motion. Thus, any prejudice that might follow from the lack of an evidentiary hearing would work for, not against, Defendant. *Cf. TGI Friday's Inc. v. Stripes Rests., Inc.,* 2015 U.S. Dist. LEXIS 62885, at *5 (E.D. Cal. May 13, 2015) (explaining that the denial of discovery prior to a preliminary injunction hearing prejudices the moving party far more than the non-movant).

<u>Third</u>, Defendant will suffer no prejudice if the preliminary injunction hearing is an oral argument, not an evidentiary hearing, because in light of the Court's order commencing discovery (ECF 28), Plaintiffs have agreed to make Mr. Tyndick available to be remotely deposed regarding the contents of his declaration by Defendant in advance of the preliminary injunction hearing. Notably, Defendant refused this offer.[1]

<u>Fourth</u>, Defendant does not contest any of the matters about which Mr. Boyko

---

[1] A true and correct copy of the correspondence between the Parties, reflecting same, is attached to the Stolyar Declaration as Exhibit 3.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

testified in his declaration. Specifically, in his opposition (ECF 23), Defendant does not dispute that Mr. Boyko did not consent to the use of his name in the Infringing Domain (https://olegvboyko.website) (*id.*, ¶ 7). And there are no other facts about which Mr. Boyko testified in his declaration that are pertinent to the Motion at issue before the Court.

Nor are there any facts in Mr. Boyko's declaration which are not also repeated in the declaration of Mr. Tyndik (the representative of Plaintiff Finstar, which owns the Boyko Mark). Thus, to the extent there is a need for any witness testimony from Plaintiffs at the August 25 hearing (though Plaintiffs maintain that no evidentiary hearing is necessary), that testimony can be provided by Mr. Tyndik, as the representative of the party that owns the Boyko Mark and has filed the claim for cybersquatting under 15 USC § 1125(d), which is the sole claim at issue in the Motion – i.e., the claim based on which the TRO was entered.

<u>Lastly</u>, with respect to Mr. Stolyar, examinations of opposing counsel are highly disfavored and Defendant has made no showing as to why such a deposition is needed. *See, e.g.*, *Salazar v. Driver Provider Phoenix LLC*, 2022 U.S. Dist. LEXIS 96884, *5 (D. Ariz. May 31, 2022) ("[T]he Supreme Court has suggested that the practice of deposing counsel is generally disfavored, because forcing attorneys to testify may have a negative impact on the litigation process and compromises the standards of the legal profession.").[2]

For the foregoing reasons an evidentiary hearing is not appropriate here. Rather, Defendant clearly seeks to use it as yet another opportunity to harass Mr. Boyko, by seeking to question Plaintiffs and their counsel concerning baseless accusations of criminality against Mr. Boyko, that have already been rejected by multiple courts; and, in any case, have nothing to do with the cybersquatting claim at issue on this Motion.

. . .

---

[2] Notably, Mr. Stolyar's declarations largely consisted of him simply attaching documents, including court filings of which this Court can take judicial notice.

DATED this 17th day of August, 2023.

FENNEMORE CRAIG, P.C.


By: *s/ Brett C. Gilmore*
    Amy Abdo
    Brett C. Gilmore


LOEB & LOEB LLP


By: *s/ Oleg Stolyar*
    Oleg Stolyar
    Jeremy Margolis
    David Beddingfield

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

29751683.1

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX