ALEXEY KONDRATIEV
3045 16th Sideroad,
King City, Ontario L7B1A3
Canada

*Pro Se Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Alexey Kondratiev, et al.<br><br>Defendants. | No. CV-23-01186-PHX-DLR<br><br>**MOTION TO DESIGNATE THE HEARING AS EVIDETIARY AND ALLOW DEFENDANT TO APPEAR AND TESTIFY VIA VIDEO-CONFERENCE ON AUGUST 25, 2023** |

I, Alexey Kondratiev, declare that I am a Defendant representing myself in this action and:

1. I hereby request that the court designate the hearing scheduled for August 25, 2023 as evidentiary, or, alternately, adjourn the hearing in order allow the Plaintiffs' witnesses to obtain visas and make travel arrangements as they wish.

2. I hereby request permission to attend the upcoming August 25, 2023 evidentiary hearing and provide testimony by Zoom videoconference. I attest

to having the technological capability to make appearances via Zoom.

**Reasons for Evidentiary Hearing**

The parties are unable to agree whether the hearing will be evidentiary and Plaintiffs' counsel has already filed their statement regarding this matter. The statement was filed late afternoon on the deadline date of August 17th, 2023, leaving the Defendant with no time to properly respond prior to the deadline.

Plaintiffs' counsel relies on a sole sentence made by the Defendant on July 25, 2023, applying it out of context to claim that an agreement was reached regarding the non-evidentiary nature of the August 25, 2023 hearing. The statement was not specific to this upcoming hearing but a general agreement regarding Zoom appearances. This communication was made as a prerequisite to the Defendant bringing a motion to allow his appearance in all hearings by videoconference. This motion was denied with the Court ordering the Defendant to bring such motions on case-by-case basis instead.

The statement made on July 25, 2023 cannot be enforced for various reasons:

A. This statement was followed by the filing of the Response to the motion for Preliminary Injunction by the Defendant and the Reply by the Plaintiffs. The Defendant asserts that he cannot waive his right to evidentiary hearing without seeing all filed materials for the motion.

B. The Defendant attempted to cross-examine the witnesses as early as July 20, 2023. *See* concurrently filed Declaration of Alexey Kondratiev ("Kondratiev Decl.") **Exhibit A**:

2

> *Please advise me of Mr. Stolyar's, Mr. Boyko's and Mr. Tyndik's availabilities for cross- examination for the upcoming week. In the event that the witnesses are unavailable for examination, I will be requesting an adjournment.*

In Canada, witnesses are examined prior to motions and all motions are argument only, unless specifically directed by the court.

C.  In the Response to the motion for the Preliminary Injunction, the Defendant clearly states:

> *Kondratiev asserts that the Plaintiff obtained a Temporary Restraining Order though fraudulent misrepresentation and perjury, and is now trying to obtain a Preliminary Restraining Order whilst relying on the same fraudulent evidence.[1]*

and,

> *While Kondratiev repeatedly stated under the oath that he witnessed Mr. Boyko to commit criminal acts and sometimes was his accomplice, the accusations of extortions from Mr. Boyko made by the witness are false and amounts to perjury. Kondratiev denies such accusations intends to impeach Mr. Tyndik as a witness.[2]*

and,

> *The key witness in this motion is unreliable and should be impeached.[3]*

On August 17, 2023, at 8:00 PM EST, counsel for the Plaintiffs agreed to conduct cross-examinations at the August 25, 2023 hearing via Zoom, stating, *inter alia* (Kondratiev Decl, **Exhibit B**, page 3, red outline):

> *First, we have no objection to you appearing via zoom on August 25, __assuming__ you reciprocally agree that any of Plaintiffs' witnesses may appear*

---

[1] Defendants Response for the Motion for Preliminary Injunction, dated July 31, 2023, page 2.
[2] *Id*, page 5.
[3] *Id*, page 11.

*via zoom on August 25. Please advise if that is agreeable by Noon tomorrow (August 17).*

At 12:45 AM EST on August 17, 2023, a few hours after their previous correspondence, counsel for the Plaintiffs reversed their position, writing, "*we do object to the need for an evidentiary hearing*" (Kondratiev Decl, **Exhibit B**, page 2):

In order to further confuse the Defendant, given his lack of familiarity with US Federal Regulations, counsel for the Plaintiffs offered him an opportunity cross-examine Mr. Tyndik in advance of the hearing by falsely stating the following (Kondratiev Decl, **Exhibit B**, page 3, yellow outline):

*Second, in light of the Court's 08/15 Order, we have offered to make Mr. Tyndik available for deposition in advance of the 08/25 hearing. Thus, there will be no need for you to cross-examine Mr. Tyndik at the hearing, as you will have already had an opportunity to take his testimony.*

The Defendant believes that counsel for the Plaintiffs attempted to mislead the Defendant, who is not a lawyer, into believing that the cross-examinations of Mr. Tyndik could be used at the upcoming motion. Such conduct is unbecoming of an attorney and adversely reflects on the counsel's honesty and trustworthiness.

Counsel for the Plaintiffs claims that written testimony is sufficient for the Motion for the Preliminary injunction while the Defendants disagrees on account of Mr. Tyndik's written testimony containing multiple false statements. Mr. Tyndik's assertions are directly contradicted by the written testimony of Alexey Kondratiev.

The Defendant asserts that his cross-examination of Mr. Boyko is necessary in order to impeach Mr. Tyndik and/or Mr. Boyko himself.

The Defendant rejects the notion that his demand to depose Mr. Boyko is an attempt to harass the Plaintiff. As the Defendant stated in the Response to the Motion for the Preliminary Injunction:

> *Kondratiev believes that this motion and the legal action against him is brought by Mr. Boyko in bad faith, has no merit, and is intended to harass the Defendant and to deplete his financial resources.*[4]

**Appearance and Testimony via Zoom**

The Defendant resides in King City, Ontario, Canada and is unable to travel to Arizona for various reasons including, and not limited to, financial, medical, and full-time employment obligations. Despite being a Canadian citizen, the Defendant is required to obtain pre-clearance from the US Customs and Border Protection agency prior to entering the United States, a procedure which takes several months at minimum.

Therefore, I request that such motion be allowed on all issues.

DATED this 18th day of August 2023

By: s/ Alexey Kondratiev

*Pro Se Defendant*

---

[4] *Id*, page 10.