FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Brett C. Gilmore (No. 034598)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona  85016
Telephone:  (602) 916-5000
Email:  amy@fennemorelaw.com
Email:  bgilmore@fennemorelaw.com

LOEB & LOEB LLP
Oleg Stolyar (CA SBN 229265-Pro Hac Vice)
astolyar@loeb.com
Jeremy Margolis (IL SBN 1763865-Pro Hac Vice)
jmargolis@loeb.com
David Beddingfield (CA SBN 308491-Pro Hac Vice)
dbeddingfield@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA  90067
Telephone:   310.282.2000

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| Oleg Boyko, an individual, and Finstar-Holding LLC, a Russian limited liability company,<br><br>          Plaintiffs,<br><br>     v.<br><br>Alexey Kondratiev, an individual, and <olegvboyko.website>,<br><br>          Defendants. | No. CV-23-01186-PHX-DLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT KONDRATIEV'S MOTION TO DESIGNATE THE 08/25/23 HEARING AS EVIDENTIARY HEARING** |
|---|---|

Plaintiffs Oleg Boyko and Finstar-Holding LLC ("Plaintiffs"), through their counsel, hereby submit their Opposition to Defendant Alexey Kondratiev ("Defendant") Motion to Designate the August 25, 2023 Hearing as Evidentiary ("Defendant's Motion").

**I.     INTRODUCTION**

This Court ordered the parties to submit a Joint Statement to the Court by August 17 as to whether the August 25, 2023 hearing on Plaintiffs' Motion for Preliminary Injunction

should be evidentiary or via oral argument. After the parties were unable to reach agreement, Plaintiffs timely filed their Statement of position as to whether the 08/25/23 hearing should be evidentiary or via oral argument. (See ECF 29)

Defendant, instead, chose to file a motion, which was filed after the Court-ordered deadline. See ECF 30. Accordingly, as Defendant filed a motion rather than his respective Statement of position, and because Defendant's Motion contains misrepresentations of the record and attacks Plaintiffs' counsel, Plaintiffs feel compelled to respond. Defendant's Motion should be denied for the following reasons.

## II. DEFENDANT'S MOTION FOR EVIDENTIARY HEARING SHOULD BE DENIED

As a threshold matter, a "written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing," unless otherwise allowed by Court order. Fed. R. Civ. Proc. 6(c). Here, the Court's 07/31 Order ordered the parties to set forth their respective positions as to whether the 08/25 hearing should be evidentiary by August 17, but did not allow for the filing of additional motions. That alone should require the denial of Defendant's Motion.

Leaving aside the Motion's procedural defects, it should also be denied on the merits. Plaintiffs have already set forth their position as to why an evidentiary hearing on their Motion for Preliminary Injunction should not be required in Plaintiffs' Statement filed on 08/17/23, and will not burden the Court by repeating those same arguments here. Plaintiffs instead **incorporate those arguments by reference. See ECF 29.**

Plaintiffs do, however, feel compelled to correct the various misstatements in Defendant's Motion, and to respond to Defendant's personal attacks on Plaintiffs' counsel. First, Defendant begins his Motion by claiming that his prior agreement – that the hearing on the Motion for Preliminary Injunction need not be evidentiary – was a "prerequisite" to the "Defendant bringing a motion to allow his appearance at all hearings by videoconference." It is unclear what Defendant means by this. But to the extent Defendant argues that his "agreement" that the hearing should be non-evidentiary was conditioned on

the *Court* granting his request to appear via video, that pre-condition is found nowhere in the email correspondence of the parties. See 08/17/23 Declaration of Oleg Stolyar ("Stolyar Decl,") (ECF 29-1), at Ex. 1.

Further, in any case, Plaintiffs do not object to the Defendant appearing via video at the August 25 hearing, so long as Plaintiffs' counsel (and Plaintiffs witnesses, in the event the Court deems the hearing to be evidentiary, which it should not) are allowed to do the same – which is exactly what Plaintiffs have consistently stated to Defendant in their meet and confer correspondence on this issue. See Stolyar Decl., Exs. 1-3. (ECF 29-1).

Second, Defendant claims he cannot waive his right to an evidentiary hearing without first seeing all filed materials for the motion. Leaving aside that Defendant chose to agree to have the hearing via "oral argument" prior to the opposition and reply papers for that motion being filed, Plaintiffs have not contended that Defendant "waived" his right to an evidentiary hearing. Rather, in their 08/17 Statement (ECF 29), Plaintiffs asserted that – given Defendant's prior agreement that the hearing would be via oral argument – Defendant is now barred from reneging on that agreement by the doctrine of estoppel, as Plaintiffs had detrimentally relied on Defendant's prior agreement in preparing for the hearing. Defendant's Motion does nothing to respond to that "estoppel" argument.

Third, Defendant's suggestion that he should be given special consideration because he is appearing pro-per, and the motion rules are different in Canada, should be rejected. See, e.g., "*U.S. v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) ("A defendant who knowingly and intelligently assumes the risks of conducting his own defense is entitled to no greater rights than a litigant represented by counsel"); *U.S. v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A *pro se* defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel.") *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (accord).

Fourth, contrary to Defendant's assertions, Plaintiffs' counsel have consistently advised him that Plaintiffs object to the need for an evidentiary hearing. Plaintiffs' counsel advised Defendant in their initial correspondence (on July 25) that it is Plaintiffs' position

that the hearing should be "by oral argument, rather than evidentiary," and then confirmed that initial position by submitting a proposed Joint Statement reflecting same on August 14, 2023. Stolyar Decl., Exs. 1-2 (ECF 29-1). Then, after Defendant reneged on his prior agreement for the hearing to be via oral argument, Plaintiffs' counsel advised Defendant that Plaintiffs have no objection to Defendant appearing via zoom, if such agreement is reciprocal, but that Plaintiffs "object to the need for an evidentiary hearing." *Id.*, Ex. 3.

Lastly, Defendant's assertion that Plaintiffs' counsel tried "to confuse" and "attempted to mislead" him is false. Once the Court issued its 08/15 Order allowing for the commencement of discovery, Plaintiffs' counsel advised Defendant that they can make Mr. Tyndik (the primary declarant in support of the Motion, and representative of Plaintiff Finstar, the owner of the Boyko Mark) available for deposition in advance of the 08/25 hearing. *Id.*, Ex. 3. That would have allowed Defendant to then use the transcript from that deposition at the 08/25 hearing, obviating the need for Defendant to ask the same questions of Mr. Tyndik at the hearing. Tellingly, Defendant refused that offer.

Notably, in the prior litigation between Defendant and Mr. Boyko in Canada, Defendant also engaged in personal attacks on Mr. Boyko's counsel, accusing them (as well as Mr. Boyko) of various wrongful conduct. Those baseless accusations ultimately resulted in a Court Order awarding costs against Defendant as a "**vexatious" litigant**. Notably, in that Order, the Superior Court of Justice based its award of costs, in part, on Kondratiev "acting in a vexatious matter, **including various improper attacks on counsel**." 06/27/23 Stolyar Decl., Ex. C (ECF 2-2) (emphasis added). It is unfortunate that Defendant has chosen to continue his prior pattern of unfounded and false attacks on opposing party's counsel in his papers, just as he had in the prior Canada litigation.

### III.   CONCLUSION

For the foregoing reasons, and for the reasons set forth in Plaintiffs' Statement Regarding Whether the Preliminary Injunction Hearing Scheduled for August 25, 2023 Should Be Evidentiary or Via Oral Argument (ECF 29), Defendant's Motion to Designate the Hearing as Evidentiary should be denied.

DATED this 18th day of August, 2023.

FENNEMORE CRAIG, P.C.

By: *s/ Brett C. Gilmore*
    Amy Abdo
    Brett C. Gilmore

LOEB & LOEB LLP

By: *s/ Oleg Stolyar*
    Oleg Stolyar
    Jeremy Margolis
    David Beddingfield

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

29756444.1