**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, et al.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>Alexey Kondratiev, et al.,<br><br>　　　　Defendants. | No. CV-23-01186-PHX-DLR<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Oleg Boyko and Finstar-Holding LLC's motion for temporary restraining order, which the Court converted to a motion for preliminary injunction and is now fully briefed. (Doc. 2, 23, 25.) The Court heard oral argument on August 25, 2023 and thereafter took this matter under advisement. The Court grants the preliminary injunction in part.

**I. Background**

Boyko is an international investor and Chairman of Finstar Financial Group, which is an international private equity and investment advisory firm established in 1996. (Doc. 2-3 at 1-2.) Investors choose to trust their money with Finstar on the basis of Boyko's reputation as a successful investor and entrepreneur. Finstar owns the federally registered trademark consisting of the name "Oleg Boyko." (Doc. 2-4 at 2-3.) In 2015, Boyko directed the creation of the website https://oleg-boyko.com/, which provides reputational and biographical information to existing and potential customers of Finstar.

In separate litigation in Canada, Kondratiev cross-claimed against the plaintiff there and added Finstar and Boyko as cross-defendants. (*Id.* at 3.) Kondratiev attacked Boyko's reputation, and the court eventually dismissed the claims against Boyko and Finstar, entering a cost award against Kondratiev for vexatious litigation. (*Id.* at 4.)

Not long thereafter, the domain name <olegvboyko.website> (the "Domain") was registered with domain registrar NameCheap. (*Id.*) The Domain's content includes disparaging information about Boyko, including the same false allegations that he made in the Canada lawsuit. (*Id.*) Moreover, some of these allegations were previously published on another website and were found to be false and defamatory by a Latvian court. (*Id.* at 5.)

Plaintiffs attempted to track down the individual behind the Domain using the WHOIS database and learned that the individual who registered the domain had used a false name and listed Kondratiev's phone number and the address of the Canadian courthouse. (*Id.*) Thereafter, all contact information for the Domain disappeared from the WHOIS database. (*Id.*)

At this, Plaintiffs filed a motion for TRO, seeking to enjoin Kodratiev and NameCheap, requiring that they freeze the Domain and prevent its transfer. (Doc. 2.)

**II. Analysis**

Before reaching the motion for preliminary injunction, the Court addresses Defendant Alexey Kondratiev's request for adjournment to conduct discovery. (Doc. 23 at 1.) In addition to the request's procedural deficiencies,[1] the Court denies the request for the same reasons that it denied Kondratiev's motion to convert the preliminary injunction hearing into an evidentiary one: he has had a full opportunity to present evidence and has done so. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994). At any rate,

---

[1] "[I]t is procedurally improper to include a request for affirmative relief in a response brief." *Little v. Grand Canyon Univ.*, No. CV-20-00795-PHX-SMB, 2022 WL 3042911, at *3 (D. Ariz. Aug. 2, 2022) (quoting *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 226078, at *1 (W.D. Wash. Jan. 26, 2022)); *see also* L.R. 7.1(b)(2) ("In civil cases when a party requests specific relief, except for dismissal or summary judgment pursuant to Federal Rules of Civil Procedure 12(b) or 56, the party must submit a proposed order as an attachment to the motion or stipulation.)

cabining discovery at the preliminary injunction stage generally disfavors the plaintiff, who bears the "heavy burden" of proof. *Earth Island Inst. v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010) (quoting *Earth Island Inst. v. Carlton*, No. CIV. S-09-2020 FCD, 2009 WL 9084754, at *9 n.9 (E.D. Cal. Aug. 20, 2009)).

Now to the preliminary injunction. A plaintiff seeking a preliminary injunction must establish that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of immediate relief, that the balance of equities tips in its favor, and that a preliminary injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). These elements are balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another, although all elements still must be met. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir. 2011). The movant bears the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

First, success on the merits. Plaintiffs present three claims: cybersquatting and in rem cybersquatting under 15 U.S.C. § 1125 and cyberpiracy under 15 U.S.C. § 8131. The Court begins with the cybersquatting claim.

A defendant commits cybersquatting under § 1125 when "(1) the defendant registered, trafficked in, or used a domain name; (2) the domain name is identical or confusingly similar to a protected mark owned by the plaintiff; and (3) the defendant acted 'with bad faith intent to profit from that mark.'" *DSPT Int'l, Inc. v. Nahum*, 624 F.3d 1213, 1218-19 (9th Cir. 2010). Plaintiffs have shown that Kondratiev likely registered the Domain, based on reasonable inferences from the use of a false name, Kondratiev's phone number, the Canadian courthouse address, and the proximity in time to the Canadian litigation.[2] Kondratiev's self-serving and conclusory statements

---

[2] Because he registered the Domain, Kondratiev consented to the jurisdiction of this Court by way of the forum selection clause in the domain registration agreement, which applies even in third-party disputes arising from the Domain. The clause requires him to consent "to the subject matter and personal jurisdiction of the courts . . . where [the Domain registrar is] located, currently those State or federal courts whose geographic districts include Maricopa County, State of Arizona." (Doc. 2-2 at 26-27.)

disclaiming ownership is weak evidence at best. *See S.G. Farms v. San Joaquin Cnty. Bd. of Supervisors*, No. 2:19-CV-01075-KJM-EFB, 2019 WL 2491528, at *1 (E.D. Cal. June 14, 2019). Kondratiev does not dispute that the domain name is identical—save for the middle initial—to Boyko's legal name, which is a federally registered trademark owned by Finstar Holding. (Doc. 2-4 at 2, 4.) It is also reasonable to infer from the content of the Domain that Kondratiev intends "to tarnish or disparage" the Boyko mark (*id.* at 4), satisfying the third element. § 1125(d)(1)(B). Except to the extent that Kondratiev disclaims ownership, he does not contest this element. Kondratiev's remaining challenges are vague allegations that Plaintiffs' affiants have misstated facts or committed perjury and therefore have no effect here. Plaintiffs are likely to succeed on this claim.

Aside from vague allegations that Plaintiffs' affiants have misstated or committed perjury, Kondratiev does not contest the likelihood of success on the Plaintiffs' cyberpiracy claim under § 8131. Plaintiffs also raise a cyberpiracy claim under § 8131. Because the requested relief under the cybersquatting claim is the same as under the cyberpiracy claim, the Court declines to conduct a full likelihood-of-success analysis. *See also Compass Bank v. Hartley*, 430 F. Supp. 2d 973, 983 (D. Ariz. 2006) ("[I]t is sufficient that the Court finds that Plaintiff is likely to succeed on [one of its] claims.").

Next, irreparable harm, which Kondratiev does not contest. The Ninth Circuit requires an evidentiary showing "sufficient to establish a likelihood of irreparable harm." *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013). "[I]ntangible injuries, such as damage to ongoing recruitment efforts and goodwill, qualify as irreparable harm." *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). Plaintiffs have presented evidence that the content of the website includes false statements tending to damage the reputation of Boyko. This satisfies the irreparable harm requirement. *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 756 (9th Cir. 2018) ("'Evidence of loss of control over business reputation and damage to goodwill [can] constitute irreparable harm,' so long as there is concrete evidence in the record of those things." (citing *Herb Reed*, 736 F.3d at 1250)

(alterations in original)).

Third, the balance of equities. Entering a preliminary injunction would protect Plaintiffs' intellectual property rights, and any hardship to Kondratiev would be limited to refraining from cybersquatting and cyberpirating. Besides, if Kondratiev truly does not own the Domain, the preliminary injunction wouldn't require him to do anything. Indeed, the Court wonders why Kondratiev opposes the motion for preliminary injunction—which asks only that the Court prevent the transfer and public access of the Domain—if he does not own the Domain. Besides, at oral argument, Kondratiev supported this remedy, which would retain the status quo. The balance of hardships weighs in favor of granting the preliminary injunction.

Lastly, the public interest in avoiding confusion between marks will be served by the entry of a preliminary injunction. *See Super-Krete Int'l, Inc. v. Sadleir*, 712 F. Supp. 2d 1023, 1038 (C.D. Cal. 2010). Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for preliminary injunction (Doc. 2) is granted in part. Defendant Alexey Kondratiev, his agents, servants, employees, and attorneys, and any other person or entity, acting in active concert with him or under his direction, with notice of this Order shall be enjoined from taking any actions to transfer the <olegvboyko.website> domain name from its current registrar, NameCheap, Inc., to any other registrar during the pendency of this case, unless otherwise ordered by the Court.

Dated this 28th day of August, 2023.

Douglas L. Rayes
United States District Judge