FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Brett C. Gilmore (No. 034598)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: amy@fennemorelaw.com
Email: bgilmore@fennemorelaw.com

LOEB & LOEB LLP
Oleg Stolyar (CA SBN 229265-Pro Hac Vice)
astolyar@loeb.com
Jeremy Margolis (IL SBN 1763865-Pro Hac Vice)
jmargolis@loeb.com
David Beddingfield (CA SBN 308491-Pro Hac Vice)
dbeddingfield@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

ALEXEY KONDRATIEV
3045 16th Sideroad,
King City, Ontario L7B1A3, Canada

*Pro Se Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, an individual, and Finstar-Holding LLC, a Russian limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Alexey Kondratiev, an individual, and <olegvboyko.website>,<br><br>Defendants. | No. CV-23-01186-PHX-DLR<br><br>**JOINT PROPOSED DISCOVERY PLAN** |

Pursuant to Federal Rule of Civil Procedure 26(f), and the Court's Order Setting Rule 16 Scheduling Conference, dated August 15, 2023 (ECF No. 28), Plaintiffs Oleg Boyko ("Boyko") and Finstar-Holding LLC ("Finstar Holding" and collectively with

Boyko, "Plaintiffs") and Defendant Alexey Kondratiev ("Kondratiev" or "Defendant") (collectively, the "Parties") hereby submit the following Joint Proposed Discovery Plan.

1.  **The Rule 26(f) Meeting**

The Parties held a Rule 26(f) Meeting on September 25, 2023. The Rule 26(f) Meeting was attended by Kondratiev and Plaintiffs' counsel Oleg Stolyar and David J. Beddingfield of Loeb & Loeb LLP.

2.  **Nature of the Case**

*Plaintiffs' Statement*

This is an action for cybersquatting and cyberpiracy against Kondratiev, who is engaged in a campaign to tarnish Boyko's reputation by using Boyko's personal name and the trademark OLEG BOYKO (the "Boyko Mark") to divert consumers from Boyko's legitimate website https://oleg-boyko.com/ (the "Legitimate Website") to the website owned and controlled by Kondratiev – https://olegvboyko.website (the "Infringing Website") – where demonstrably false statements concerning Boyko's reputation and business practices are made.

Boyko is a well-known international investor, philanthropist, and Chairman of Finstar Financial Group ("Finstar Financial"), an international private equity and investment advisory firm that was established in 1996. Finstar Financial manages more than $2 billion of assets and has a diversified investment footprint in more than 30 countries, including the United States. Investors who choose to invest their money with Finstar Financial do so primarily based on Boyko's reputation as a successful investor and entrepreneur. Finstar Holding is a member of Finstar Financial and the owner of protectable interests in the internationally registered Boyko Mark. Thus, Boyko's name is inextricably associated with and linked to Finstar Financial and Finstar Holding.

The Infringing Website was created shortly after a Canada court dismissed Kondratiev's meritless claims against Boyko for $10 million, finding them to be "vexatious" (the "Canada Lawsuit"). The Infringing Website was registered by Kondratiev under a false name – Anna Lee – using Kondratiev's telephone number and

1  the address of the Canada court that dismissed the Canada Lawsuit.

2  The Infringing Website does not offer products for sale or have any other legitimate or fair use. Rather, its content consists entirely of false, derogatory, and defamatory statements concerning Boyko, which statements have already been deemed defamatory by courts of a member state of the European Union and ordered to be removed from another website (the "Latvian Website"). Thus, the sole purpose of the Infringing Website is to divert potential consumers looking for Boyko's services to the Infringing Website, so that Boyko is forced to choose between losing business and goodwill or offering payment to Kondratiev to take the Infringing Website down.

Plaintiffs seek transfer of the ownership of the Infringing Website, a permanent injunction barring Kondratiev from using the Boyko Mark, and the greater of (i) the $100,000 in statutory damages provided by 15 U.S.C. section 1117(d), plus costs and reasonable attorneys' fees; or (ii) if greater than $100,000: (1) the actual profits from Kondratiev's illegal conduct; plus (2) three times the actual damages suffered by Plaintiffs due to Kondratiev's illegal conduct; plus (3) the costs of the action; plus (4) reasonable attorneys' fees; plus (5) pre-judgment interest; plus (6) post-judgment interest.

*Defendant's Statement*

The Defendant denies all allegations contained in the Complaint and puts the Plaintiffs to strict proof thereof.

The Defendant believes that the legal action against him is brought by Mr. Boyko in bad faith, has no merit, and is intended to harass the Defendant and to deplete his financial resources.

**3.  Principal Factual and Legal Disputes**

*Plaintiffs' Statement of Principal Factual and Legal Disputes*

Plaintiffs do not believe that the facts set forth in its Complaint (ECF No. 1) can be disputed. However, Plaintiffs believe that Defendant will contend, based solely on denials rather than admissible evidence, that the following facts are disputed:

- Whether Kondratiev is the owner(s), operator(s), administrator(s), billing contact(s), and registrant(s) of the Infringing Website;
- Whether Kondratiev engaged in efforts to tarnish or disparage the Boyko mark;
- Whether Kondratiev acted with bad faith intent to profit from use of the Boyko mark; and
- Whether Kondratiev hid his contact information when applying for and maintaining the registration of the domain name for the Infringing Website by initially registering it under a false identity (i.e., Anna Lee), and then by concealing his identity and contact information from the public records.

While Plaintiffs believe that they will establish each of the elements necessary to prevail on their claims, Plaintiffs believe that Defendant will contend that the following issues of law are nevertheless in dispute:

- Whether Kondratiev's conduct violated the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);
- Whether Kondratiev's conduct violated 15 U.S.C. § 8131;

*Defendant's Statement*

Kondratiev denies that he registered domain <olegvboyko.website> with NameCheap, Inc., having ownership of such domain, or being a creator of content contained therein. In accordance, Kondratiev also denies that he somehow profited from such web site, possessed intentions to sell it, or carried the intent to utilize it for malicious means.

**4.  Jurisdiction**

*Plaintiffs' Position*

This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 15 U.S.C. § 1125, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a).

This Court also has personal jurisdiction over Kondratiev. Indeed, this Court has already ruled that Kondratiev has consented to personal jurisdiction in this Court in this litigation. *See* ECF No. 35 at 3 n.2.

To the extent that the existence of personal jurisdiction remains an open and litigable issue (which Plaintiffs contend it does not), Kondratiev has waived the right to contend that this Court lacks personal jurisdiction over him by taking the following actions before asserting such contention: (1) filing a motion to proceed pro se without raising a jurisdictional defense (ECF No. 17); (2) litigating the merits of Plaintiffs' preliminary injunction motion; and (3) failing to explain why this Court lacks jurisdiction over him or citing any authority in support thereof.  *See, e.g.*, *Wright v. Interbank Capital, Inc.*, 1999 U.S. Dist. LEXIS 8113, at *8 (N.D. Cal. May 19, 1999) (defendant waived objection to jurisdiction by "fil[ing] an application to appear *pro hac vice* without first raising [a] procedural defense"); *Blockowicz v. Williams*, 630 F.3d 563, 566 (7th Cir. 2010) (non-party waived objection to jurisdiction by briefing merits of motion to enforce injunction despite asserting lack of jurisdiction and reserving rights).

In any case, Kondratiev is subject to personal jurisdiction in this Court by virtue of the forum selection clause he agreed to in registering the domain name for the Infringing Website through NameCheap, Inc. ("NameCheap"), which has a registration agreement requiring resolution of all disputes in Arizona arising from or related to the domain. Specifically, the NameCheap Registration Agreement reads in pertinent part: "[F]or the adjudication of third party disputes (i.e., disputes between [the registrant, here Kondratiev] and another party [i.e., other than NameCheap]) concerning or arising from use of domain names registered hereunder," the registrant "shall submit without objection … to the subject matter and personal jurisdiction of the courts (ii) where we [i.e., Namecheap] are located, currently those State or federal courts whose geographic districts include Maricopa County, State of Arizona."  *See* ECF No. 1-2 at Section 29.

For the third cause of action herein, pled in the alternative should jurisdiction over Kondratiev somehow be found lacking, *in rem* jurisdiction is proper in this judicial district pursuant to 15 U.S.C. § 1125(d)(2), because (i) the website violates the rights of the trademark holder, Finstar; (ii) Finstar is unable to obtain *in personam* jurisdiction over Kondratiev or any other person who would be a defendant under 15 U.S.C. §

1125(d)(1); and (iii) in rem jurisdiction over a domain name is proper in the judicial district in which the domain name registrar is located. *See* 15 U.S.C. § 1125(d)(2). Therefore, this Court has proper *in rem* jurisdiction because the registrar of the Infringing Website, NameCheap, is located within the District of Arizona. This *in rem* proceeding is unnecessary to the extent the Court finds personal jurisdiction over Kondratiev.

*Defendant's Position*

Kondratiev asserts that this Honorable Court does not have jurisdiction over this matter as neither himself nor the Plaintiffs reside or have any business interests in the Court's jurisdiction.

**5.     Progress on Service of Process**

All parties have been adequately and appropriately served. The Parties do not anticipate any issues regarding the adequacy of service of process.

**6.     Possible Joinder of Additional Parties**

All known necessary and indispensable parties have been joined.

**7.     Anticipated Motions**

*Plaintiffs' Anticipated Motions*

Plaintiffs anticipate filing a motion for summary judgment on Counts I and II of the Complaint (ECF No. 1) at the appropriate time. Plaintiffs also anticipate that there will likely be discovery disputes, which will require the Court's involvement. Plaintiffs also anticipate that it may become necessary to file motions pursuant to Federal Rules of Evidence 702-705, but as expert disclosures have not yet occurred. Plaintiffs also anticipate that it may become necessary to file various motions in limine to exclude evidence or testimony, but as this case is at an early stage, Plaintiffs cannot be specific regarding the contents of the above-referenced motions.

*Defendant's Anticipated Motions*

The Defendant anticipates filing a motion to compel the Plaintiffs to attend oral examinations and to produce certain evidence at the appropriate time.

FENNEMORE CRAIG, P.C.
ATTORNEYS AT LAW
PHOENIX

**8.     Alternative Dispute Resolution and Magistrate Jurisdiction**

*Plaintiffs' Statement*

Plaintiffs do not believe that this case is suitable for referral to arbitration. Plaintiffs will not consent to trial before a Magistrate Judge. Plaintiffs are open to mediation and/or voluntary settlement conferences.

*Defendant's Statement*

The defendant is open to any alternative dispute resolution including the Magistrate Jurisdiction.

**9.     Status of Related Cases**

The Parties are not aware of any related cases.

**10.    Exchange of Initial Disclosures**

Pursuant to the Order Setting Rule 16 Scheduling Conference, dated August 15, 2023 (ECF No. 28):

- On September 21, 2023, Plaintiffs served Initial Disclosures on Defendant and filed with the Clerk of Court a Notice of Initial Disclosures (ECF No. 37); and
- On September 25, 2023, Defendant served Initial Disclosures on Plaintiffs and filed with the Clerk of Court a Notice of Initial Disclosures (ECF No. 39). (Note, Defendant's service of Initial Disclosures was untimely, pursuant to the Court's Order.)

**11.    Anticipated Discovery and Discovery Procedures**

The Parties do not propose any changes to the timing, form, or requirement for disclosures under FRCP 26(a), and do not believe any specialized sequencing, phasing, or scheduling of discovery is needed in this matter. The Parties agree that the duration of each deposition shall be governed by FRCP 30(d)(1), which provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours."

*Plaintiffs' Anticipated Discovery*

Plaintiffs anticipate seeking discovery (via any device provided for by FRCP 26-37 or 45) on at least the following subjects:

1. - The Infringing Website;
2. - The Latvian Website;
3. - The Canada Lawsuit;
4. - Kondratiev's efforts to tarnish Boyko's reputation and the Boyko mark;
5. - Kondratiev's efforts to extort monetary payments from Boyko;
6. - Kondratiev's efforts to extort monetary payments from businesses in which Boyko holds a beneficial interest;
7. - The relationship between Kondratiev and "Anna Lee" (if Anna Lee exists);
8. - Kondratiev's bad faith intent to profit from the Infringing Website;
9. - The allegations contained in Plaintiffs' Complaint (ECF No. 1);
10. - The allegations underlying the affirmative defenses in Kondratiev's Answer (ECF No. 24);
11. - The denials contained in Kondratiev's Answer (ECF No. 24);
12. - The owner(s), operator(s), administrator(s), billing contact(s), and registrant(s) of the Infringing Website; and
13. - The entry and evolution of the contents of the Infringing Website.

The list of anticipated discovery subjects appearing above is not intended to be comprehensive or exhaustive, and Plaintiffs expressly reserve the right to seek discovery on additional matters as necessary.

Plaintiffs anticipate taking the depositions of the following individuals and entities:

- Defendant Kondratiev;
- Non-party Anna Lee (if she exists);
- The corporate representative of non-party Namecheap, Inc.;
- Any fact witness disclosed by Defendant Kondratiev; and
- Any expert witness disclosed by Defendant Kondratiev.

The list of anticipated deponents appearing above is not intended to be comprehensive or exhaustive, and Plaintiffs expressly reserve the right to seek to depose additional individuals and entities as necessary to prosecute this action.

*Defendant's Anticipated Discovery*

The Defendant anticipates taking oral depositions of the Plaintiff Oleg Boyko and the representative of Finstar-Holding LLC.  The Defendant expressly reserves the right to seek to depose additional individuals and entities as necessary to prosecute this action.

The Defendant anticipates seeking discovery on at least the following issues:

- The allegations contained in Plaintiffs' Complaint (ECF No. 1);
- Alleged Kondratiev's efforts to tarnish Boyko's reputation and the Boyko mark;
- Alleged Kondratiev's efforts to extort monetary payments from Boyko; and
- Alleged Kondratiev's efforts to extort monetary payments from businesses in which Boyko holds a beneficial interest.

The list of anticipated discovery subjects appearing above is not intended to be comprehensive or exhaustive, and Defendant expressly reserves the right to seek discovery on additional matters as necessary.

**12.   Proposed Case Schedule**

The Parties have agreed on the following proposed deadlines:

| Event | Proposed Date |
| --- | --- |
| Deadline to Complete Fact Discovery | May 3, 2024 |
| Expert Disclosure – Initial | May 31, 2024 |
| Expert Disclosure – Rebuttal | June 28, 2024 |
| Deadline to Complete Expert Discovery | August 2, 2024 |
| Deadline to File Motions for Summary Judgment[1] | August 30, 2024 |

---

[1] Pursuant to Fed. R. Civ. P. 56(b), the deadline to file motions for summary judgment must fall within 30 days of the close of all discovery.

| Event | Proposed Date |
|---|---|
| Deadline for Parties to Engage in Good Faith Settlement Discussions | September 13, 2024 |

*Defendant's Request*

That oral examinations of Mr. Boyko should be conducted before the examinations of any other examinees.

*Plaintiffs' Response to Defendant's Request*

Discovery should be conducted under the normal procedures set forth in the FRCP as the parties agreed in Section 11, above. Depositions of parties and non-parties should proceed pursuant to the dates for which they are noticed or subpoenaed.

*Defendant's Reply to Plaintiffs' Response*

Defendant specifically requests the Court to allow him to orally examine Mr. Boyko at the earliest opportunity permitted by the law, following which, the other examinations shall commence.

**13.     Demand for Jury Trial**

Plaintiffs have requested a jury trial on all issues so triable. Plaintiffs' Complaint (ECF No. 1) included a demand for jury trial. The Defendant has no objection to the Jury trial.

**14.     Estimated Length of Trial**

The Parties estimate that 2-5 court days will be required to try this action.

**15.     Settlement Prospects**

The Parties have considered and will continue to consider the possibility of an informal resolution of this action. The Parties are not opposed in principle to engaging in a mediation or another form of settlement procedure. However, the Parties believe that at least some discovery is necessary in order to enable the parties to assess whether a mediation and/or settlement conference would be a productive use of the Parties' time and effort, and if so, what the appropriate timing of such a procedure would be. The

Parties have agreed to meet and confer on potential options for a possible settlement procedure at a future stage of the case.

**16. Other Matters to Bring to the Court's Attention**

There are no other matters to bring to the Court's attention.

Dated: October 5, 2023        FENNEMORE CRAIG, P.C.

By: *s/ Brett C. Gilmore*
Amy Abdo
Brett C. Gilmore

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

Dated: October 5, 2023        LOEB & LOEB LLP

By: *s/ Oleg Stolyar (with permission)*
Oleg Stolyar
Jeremy Margolis
David Beddingfield

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

Dated: October 5, 2023        By: *s/ Alexey Kondratiev (with permission)*
Alexey Kondratiev

*Pro Se Defendant*

30230961.1