UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, an individual, and Finstar-Holding LLC, a Russian limited liability company,<br><br>  Plaintiffs,<br><br>  v.<br><br>Alexey Kondratiev, an individual, and <olegvboyko.website>,<br><br>  Defendants. | NO. CV-23-01186-PHX-DLR<br><br>**[PROPOSED] PERMANENT INJUNCTION** |

This case arises from the registration and use of the domain name <olegvboyko.website> ("Domain"). Plaintiffs Oleg Boyko ("Boyko") and Finstar-Holding LLC ("Finstar", and together with Boyko, "Plaintiffs") claim that Defendant Alexey Kondratiev ("Kondratiev") registered the Domain, and that Kondratiev uses it to tarnish and disparage the "Oleg Boyko" name, which Finstar registered with the Patent and Trademark Office as a service mark (the "Boyko Mark"). In March 2025, the Court granted Plaintiffs' motion for partial summary judgment on the issue of Kondratiev's liability for cybersquatting in violation of 15 U.S.C. § 1125(d)(1), and ordered the transfer of the Domain to Plaintiff Finstar. (ECF 67.)

On May 19, 2025, Plaintiffs filed a Motion for Permanent Injunction. Having

considered Plaintiffs' Motion for Permanent Injunction and the briefing thereon, and having already found that Plaintiffs are entitled to judgment as a matter of law against Kondratiev on the issue of liability for cybersquatting in violation of 15 U.S.C. § 1125(d)(1), this Court finds that Plaintiffs have sufficiently demonstrated (i) that they suffered irreparable injury from Kondratiev's cybersquatting; (ii) the remedies available at law are inadequate to compensate Plaintiffs for their injuries; (iii) the balance of the hardships between Plaintiffs and Kondratiev weighs in favor of issuing a permanent injunction; and (iv) the public interest would not be disserved by issuing a permanent injunction. Accordingly,

**IT IS ORDERED** that: Defendant Alexey Kondratiev, his agents, employees, and any other person or entity, acting in active concert with him or under his direction, with notice of this Order shall be permanently enjoined and restrained from registering, using, owning, operating, maintaining, administering, and/or otherwise exercising control over any domain name or website that utilizes, incorporates, or in any way employs the Boyko Mark, Mr. Boyko's name, or any other word, term, or name confusingly similar to the Boyko Mark; and assisting, aiding, and/or abetting any other person or business entity in engaging in or performing any of the above activities.