FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Taylor N. Burgoon (No. 033970)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: amy@fennemorelaw.com
Email: tburgoon@fennemorelaw.com

LOEB & LOEB LLP
Oleg Stolyar (CA SBN 229265–Pro Hac Vice)
astolyar@loeb.com
Jeremy Margolis (IL SBN 1763865–Pro Hac Vice)
jmargolis@loeb.com
David J. Beddingfield (CA SBN 308491–Pro Hac Vice)
dbeddingfield@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, an individual, and Finstar-Holding LLC, a Russian limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>Alexey Kondratiev, an individual, and <olegvboyko.website>,<br><br>　　　　　Defendants. | NO. CV-23-01186-PHX-DLR<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PERMANENT INJUNCTION** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In the Motion (ECF 71), Plaintiffs seek a permanent injunction to enjoin and restrain defendant Alexey Kondratiev ("Kondratiev"), and anyone acting on his behalf or in concert with him, from registering, maintaining, and/or administering any domain name or website that utilizes or incorporates the Boyko Mark or Mr. Boyko's name.[1]  In support of that Motion, Plaintiffs made sufficient showing to satisfy each element required for the issuance of a permanent injunction.

Kondratiev's Response to the Motion (the "Opposition") neither cites any legal authority nor addresses any of the elements of a permanent injunction, with the exception of "irreparable harm," as to which Kondratiev mistakes both the law and the applicable burden of proof, as discussed below.  Instead, Kondratiev uses his Opposition as yet another opportunity to attack Mr. Boyko and to try to relitigate Kondratiev's "liability" on the underlying cybersquatting claim, which has already been decided.  Rather than engage with Kondratiev's meritless allegations against Boyko, which even Kondratiev previously admitted are "irrelevant" to the merits of the relief requested (see ECF 23 at 8:1-3), Plaintiffs instead will address the actual elements of a permanent injunction.

First, the only element of the permanent injunction that Kondratiev even attempts to challenge is "irreparable harm," by arguing that Plaintiffs failed to prove "any damages." ECF 73 at 2.  However, Kondratiev mistakes the law, as it is **his burden** to rebut the presumption that Plaintiffs suffered "irreparable harm" due to his cybersquatting violations – for which he has already been found liable by this Court.  See 15 U.S.C. § 1116(a).  Further, in any case, it is black letter law that **damage to goodwill or business reputation constitutes irreparable harm,** which cannot be compensated with monetary damages.

Second, Kondratiev does not challenge, and therefore concedes, Plaintiffs' showing that (i) Plaintiffs have already succeeded on the merits of their cybersquatting claim; (ii) the

---

[1] All capitalized terms herein have the same meaning as in the underlying Motion, unless otherwise indicated. All emphasis herein is added, unless otherwise indicated.

balance of hardships favors injunctive relief; and (iii) the public interest would not be disserved by a permanent injunction. Indeed, Plaintiffs have squarely met their burden as to each of those elements. *See* Motion, at §§ III.A-D; *see also infra*, Reply, at §§ III.A-C.

Lastly, Kondratiev admits in the Opposition his clear and present intent to cybersquat in the future by utilizing and employing Boyko's name and/or the Boyko Mark. *See* ECF 73 at 10 (arguing that an injunction prohibiting "creating a website that utilizes or in any way employs Mr. Boyko's name or the Boyko Mark" would somehow infringe on Kondratiev's first amendment rights). To state the obvious, Kondratiev does not have a first amendment right to engage in cybesquatting. Thus, Kondratiev's own Opposition proves the need for permanent injunctive relief in this case.

## II.   EVIDENTIARY OBJECTIONS TO KONDRATIEV'S OPPOSITION

First, as a threshold matter, Exhibits A-I are entirely irrelevant to the disposition of Plaintiffs' Motion. Kondratiev offers Exhibits A-I in an effort to demonstrate that Plaintiffs are not entitled to a permanent injunction because the Infringing Website's contents are purportedly true and, therefore, cannot tarnish or disparage the Boyko Mark. (Opp. at 2-9) But **this Court has already found** Kondratiev liable for violating 15 U.S.C. § 1125(d)(1), including **that the Infringing Website was "dedicated to publishing disparaging information about Boyko."** ECF 67 at 9-10. This alone should end the analysis, as "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.[2]

Second, the Declaration of Alexey Kondratiev ("Kondratiev Declaration") contains demonstrably false statements. Specifically, Kondratiev states in his declaration that Exhibits A-F were purportedly "downloaded on May 26, 2025" "from links from [the] website <olegvboyko.website>." Kondratiev Decl., ¶ 2. But this website was not accessible to the public on May 26, 2025, or at any time after Plaintiffs filed their Motion on May 19,

---

[2] In any event, the truth or falsity of the information on the Infringing Website is irrelevant to the injunction inquiry (ECF 60 at 15 n.7), and Kondratiev conceded as much in his earlier filings. *See, e.g.*, ECF 23 at 8:1-3 [Kondratiev's Response to Motion for Preliminary Injunction] ("the dispute regarding the contents of <olegvboyko.website> is irrelevant, since this legal action is for cybersquatting and not for defamation").

2025, as the Infringing Website was taken down after it was transferred to Plaintiffs following this Court's entry of summary judgment in Plaintiffs' favor. *See* Declaration of David Beddingfield, attached as **Exhibit A**, at ¶¶ 4-6 & Ex. 1.  Thus, these exhibits are unauthenticated and fail to satisfy the requirements of Fed. Rules of Evidence 901-903. Exhibit G is also unauthenticated, and fails to satisfy Fed. R. Evid. 901-903.

Third, Exhibits A-G and I contain out-of-court statements, made by largely unidentified non-parties, offered for their truth.  This is inadmissible hearsay without statutory exception. Fed. R. Evid. 801-803.  As such, these exhibits are inadmissible for the purpose for which they are being offered.

Lastly, even if the exhibits attached to his declaration were admissible, Kondratiev blatantly misstates the content of those exhibits.  For example, Kondratiev falsely claims that Boyko is listed in a Report to Congress as a "potential target for US sanctions." ECF 73 at 3:7-9.  But the document Kondratiev cites (Exhibit C to his Declaration) actually expressly states that it is "**not** a sanctions list," and that an individuals' inclusion on that list does not "indicate that the US Government has information about the individual's involvement in malign activities." ECF 73-1, at 12 of 44.

**III.   PLAINTIFFS ARE ENTITLED TO A PERMANENT INJUNCTION**

As explained in the Motion, the standard for granting a permanent injunction is essentially the same as for a preliminary injunction, except that the party seeking a permanent injunction must prove actual success on the merits, as opposed to merely showing a likelihood of success. *See Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987).  Thus, a plaintiff seeking a permanent injunction must demonstrate that:

(1) it has suffered an irreparable injury;

(2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).  Here, Plaintiffs have made a sufficient showing to satisfy each of the above elements.

### A. Plaintiffs Have Succeeded on the Merits of Their Cybersquatting Claim

On March 13, 2025, this Court entered an order (dated March 12, 2025) finding Kondratiev liable to Plaintiffs under 15 U.S.C. § 1125(d)(1).  *See* ECF 67 at 10.  It is well settled that a grant of summary judgment in favor of plaintiff on liability issues constitutes actual success on the merits for the purposes of adjudicating a request for the entry of a permanent injunction.  *See, e.g.*, *Blizzard Entm't Inc. v. Ceiling Fan Software LLC*, 28 F. Supp. 3d 1006, 1018, n. 13 (C.D. Cal. Sept. 23, 2013) ("Because the Court has granted summary judgment in favor of [plaintiff], [plaintiff] has not only a likelihood of success on the merits but also actual success on the merits of its claims.").

### B. Plaintiffs Have Suffered Irreparable Injury; and Monetary Damages Alone Are Inadequate to Compensate Plaintiffs for That Injury.

<u>First</u>, as explained in the Motion, 15 U.S.C. § 1116(a) provides that a cybersquatting plaintiff "shall be **entitled to a rebuttable presumption of irreparable harm** upon a finding of a violation [of, *inter alia*, 15 U.S.C. § 1125(d)] **in the case of a motion for a permanent injunction**."  *See also Rylee & Cru, Inc. v. Hui Zhu*, 2024 U.S. Dist. LEXIS 85480, at *11 (D. Colo. May 10, 2024) ("Because the Court has found that www.rylee-cru.com is in violation of the ACPA, R&C is entitled to the presumption of irreparable harm."); *M.I.B. Grp. LLC v. Aguilar*, 2024 U.S. Dist. LEXIS 126132, at *66 (C.D. Cal. Jul. 16, 2024) (accord); *Whaleco Inc. v. Temuapp.me*, 2024 U.S. Dist. LEXIS 96893, at *25 (D. Az. May 31, 2024) (accord).

"The presumption of irreparable harm" in Section 1116(a) "acts as a procedural device which places the **burden of production on the question of irreparable harm onto the**" non-movant.  *Vital Pharms. v. PHD Mktg.*, 2021 U.S. Dist. LEXIS 254038, at *13 (C.D. Cal. Mar. 12, 2021); *see also Travel Gig, LLC v. Sharing Servs. Global Corp.*, 2022 U.S. Dist. LEXIS 221813, *18 (D. Mont. Dec. 8, 2022) ("the burden is on Defendants to overcome Plaintiffs' rebuttable presumption").

Here, Kondratiev failed to meet this burden of proof, as his only argument is that Plaintiffs failed to show "any damages." *See* gen. ECF 73. But even if that were true (it is not), Kondratiev's argument is insufficient as a matter of law, because a **non-movant "cannot flip the burden by asserting [that the movant] has not provided evidence of harm**." *Longbridge Fin., LLC v. Mut. of Omaha Mortg., Inc.*, 2025 U.S. Dist. LEXIS 91179, at *39 (May 13, 2025). Rather, "[b]ecause a presumption of harm exists, either [the non-movant] must provide evidence that [the movant] did not suffer irreparable harm or [the movant] must concede the absence of such harm." *Id.* Here, neither has occurred.

Second, in any case, "loss of control over business reputation and **damage to goodwill constitute[s] irreparable harm**." *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 756 (9th Cir. 2018) (cites omitted). "Intangible injuries, such as loss of goodwill, are irreparable because quantifying their harm is, in most cases, impractical or impossible, and, as a result, such injuries cannot be fully remedied with a financial award." S*kydive Ariz., Inc. v. Quattrocchi*, 2010 U.S. Dist. LEXIS 49972, at *5 (D. Ariz. Apr. 26, 2010).

Here, this Court has already repeatedly found that the Infringing "**Website is dedicated to publishing disparaging information about Boyko**." *See* ECF 14 [TRO], at 2:5-9, 3:14-17; ECF 35 [Order Granting Preliminary Injunction], at 4; ECF 67 [Order granting partial summary judgment], at 10:1-3. Such harm cannot be adequately compensated by monetary damages. *See, e.g.*, *Skydive Ariz., Inc.*, 2010 U.S. Dist. LEXIS 49972, at *5 ("Injuries to goodwill and business reputation are generally considered to be intangible and, as a result, irreparable.") Thus, even if Plaintiffs had the burden to prove irreparable harm (they do not under § 1116(a)), Plaintiffs met any such burden here through their showing that Kondratiev used the Infringing Website to tarnish and disparage the Boyko Mark. *See* ECF 67, at 9-10.

Third, Kondratiev argues that, because the allegations on the Infringing Website were purportedly true, they cannot harm Plaintiffs. But that is the same argument this Court has already rejected on summary judgment, when finding that the Infringing Website was dedicated to tarnish and disparage the Boyko Mark. *See* ECF 61 at 8-10; ECF 67 at 9-10.

Further, in any case, the truth or falsity of the contents of the Infringing Website is irrelevant to whether a permanent injunction should issue. This is because even true statements can be disparaging. *See, e.g.*, *USA Techs., Inc. v. Tirpak*, 2012 U.S. Dist. LEXIS 72318, at *9 (E.D. Pa. May 24, 2012) (explaining that"[t]ruth is not the test" as to "whether … statements constitute 'disparaging' remarks"); *Orchestratehr, Inc. v. Trombetta*, 2015 U.S. Dist. LEXIS 179784, at *25 (N.D. Tx. July 15, 2015) ("[e]ven true disparaging comments could be relevant evidence as to a business disparagement claim").

Fourth, Kondratiev argues that (i) because Plaintiffs have not shown any "quantifiable injury, no compensation for such injury should be granted, and (ii) statutory damages would be sufficient to compensate Plaintiffs. (Opp. at 9). Leaving aside the clear illogic of this argument, it fails for the same reasons as Kondratiev's "no irreparable harm" argument. It is black letter law that damage to business reputation and good will cannot be compensated with purely monetary damages. *See, e.g.*, *Adidas Am., Inc.*, 890 F.3d at 756; S*kydive Ariz., Inc.*, 2010 U.S. Dist. LEXIS 49972, at *5. Thus, monetary damages alone would not be sufficient to compensate Plaintiffs here, which is why injunctive relief is necessary.

Lastly, Kondratiev's own Opposition illustrates that a permanent injunction is necessary, as Kondratiev argues that he possesses a first amendment right to register new infringing domains and websites designed to tarnish and disparage the Boyko Mark. *See* ECF 73 at 10:16-22 (arguing that "[t]he proposed [preliminary injunction] Order… significantly restrict[s] Kondratiev's freedom of speech" because it "would prohibit the Defendant from creating a website that … employs Mr. Boyko's name or the Boyko Mark."). Thus, **Kondratiev has made clear his intent to engage in further cybersquatting** by registering new domains and linked websites using the Boyko Mark, so as to continue his vendetta against Boyko.

To state the obvious, Kondratiev does not have a first amendment right to engage in further cybersquatting by using or incorporating the Boyko Mark in any new domain names. Such threats of future infringement demonstrate the inadequacy of monetary damages and

the need for permanent injunctive relief. *See, e.g.*, *Diaz v. Bautista*, 2012 U.S. Dist. LEXIS 199324, at *9 (C.D. Cal. June 29, 2012) ("Monetary damages are inadequate … because, although Defendants contend they are no longer infringing, there is nothing to prevent Defendants from future infringing activity unless [plaintiff] brings another lawsuit.").

      C.    **Kondratiev Does Not Dispute Any of the Other Elements for a Permanent Injunction.**

"It is a well-settled principle that by failing to address arguments in an opposition, a party effectively concedes a claim*.*" *Deasy v. N. Ariz. Healthcare Corp.*, 2024 U.S. Dist. LEXIS 100343, at *27 (D. Ariz. June 5, 2024); *see also Vestis LLC v. Caramel Sales, Ltd.*, 2020 U.S. Dist. LEXIS 45518, at *6-7 (C.D. Cal. Feb. 19, 2020) (accord).

Here, as discussed above, Plaintiffs have already demonstrated success on the merits. *See* infra, at § III.A. Kondratiev also does **not** argue that Plaintiffs have failed to establish (i) that the balance of hardships favors injunctive relief; and (ii) that the public interest would not be disserved by a permanent injunction. Thus, Kondratiev also concedes (as he must) that Plaintiffs have met their burden as to these elements for permanent injunctive relief.

<u>First</u>, Plaintiffs have demonstrated that the balance of equities weighs in their favor because a "**[d]efendant 'faces no hardship' from refraining from its willful cybersquatting** and otherwise unlawful activity." *Sleep No. Corp. v. Unknown Party*, 2023 U.S. Dist. LEXIS 75363, at *11 (D. Ariz. Mar. 17, 2023) (cites omitted); *AECOM Energy & Constr., Inc. v. Morrison Knudsen*, 48 Fed. App'x 115, 120 (9th Cir. 2018) (same). This is because, in a cybersquatting action, "[t]he balance of hardships [] weighs heavily in favor of" the plaintiff, which "has a strong interest in being protected from [d]efendants' illegal conduct that continues to harm its reputation and goodwill." *Yuga Labs, Inc. v. Ripps*, 2023 U.S. Dist. LEXIS 192487, at *46 (C.D. Cal. Oct. 25, 2023).

In contrast, if a permanent injunction is not granted, given Kondratiev's long history of conflict with the Plaintiffs, and his stated intent to continue to create new websites using the Boyko Mark to attack Mr. Boyko and tarnish the Boyko Mark (*see* ECF 73 at 10), Plaintiffs will clearly be harmed. *See, e.g.*, *Diaz v. Bautista*, 2012 U.S. Dist. LEXIS 199324,

at *9 (C.D. Cal. 2012) ("The balance of hardship favors [plaintiff] because if Defendants are not enjoined, [plaintiff] will be forced to sue if her rights are again violated.")

<u>Second</u>, the "public interest" element also weighs in favor of granting injunctive relief, as the public has an interest in avoiding confusion between marks and in preventing cybersquatting. *See, e.g.*, *Skydive Ariz.*, 2010 U.S. Dist. LEXIS 49972, at *11 ("the public, not just the private litigant, is harmed by an inadequate response to trademark infringement or other Lanham Act violations."); *Tartell v. S. Fla. Sinus & Allergy Ctr., Inc.*, 2013 U.S. Dist. LEXIS 191404, at *33 (S.D. Fla. Jan. 25, 2013) ("[I]t is in the public interest to enforce the trademark laws against cybersquatting[.]").

## IV.  CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Motion, Plaintiffs respectfully request that the Court enter an Order permanently enjoining and restraining defendant Alexey Kondratiev from registering, maintaining, and/or administering any domain name or website that utilizes or incorporates the Boyko Mark, Mr. Boyko's name, or any other word, term, or name confusingly similar to the Boyko Mark.

DATED this 9th day of June, 2025.

FENNEMORE CRAIG, P.C.


By: *s/ Amy Abdo*
    Amy Abdo
    Taylor N. Burgoon


LOEB & LOEB LLP


By: *s/ Oleg Stolyar*
    Oleg Stolyar

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

# EXHIBIT A

FENNEMORE CRAIG, P.C.
Amy Abdo (No. 016346)
Taylor N. Burgoon (No. 033970)
2394 E. Camelback Road
Suite 600
Phoenix, Arizona 85016
Telephone: (602) 916-5000
Email: amy@fennemorelaw.com
Email: tburgoon@fennemorelaw.com

LOEB & LOEB LLP
Oleg Stolyar (CA SBN 229265–Pro Hac Vice)
astolyar@loeb.com
Jeremy Margolis (IL SBN 1763865–Pro Hac Vice)
jmargolis@loeb.com
David J. Beddingfield (CA SBN 308491–Pro Hac Vice)
dbeddingfield@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067
Telephone: 310.282.2000

*Attorneys for Plaintiffs Oleg Boyko and Finstar-Holding LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, an individual, and Finstar-Holding LLC, a Russian limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>Alexey Kondratiev, an individual, and <olegvboyko.website>,<br><br>Defendants. | NO. CV-23-01186-PHX-DLR<br><br>**DECLARATION OF DAVID J. BEDDINGFIELD IN SUPPORT OF (1) PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR STATUTORY DAMAGES, AND (2) PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PERMANENT INJUNCTION** |

# DECLARATION OF DAVID BEDDINGFIELD

I, David J. Beddingfield, hereby declare and swear as follows:

1. I am licensed to practice law in the States of California and New York, and am a partner at the law firm of Loeb & Loeb LLP ("Loeb"), attorneys of record for Plaintiffs Oleg Boyko ("Boyko") and Finstar Holding LLC ("Finstar," and together with Boyko, "Plaintiffs") in the above-captioned action. I make this Declaration in support of (i) Plaintiffs' Reply in support of Plaintiffs' Motion for Statutory Damages; and (ii) Plaintiffs' Reply in support of Plaintiffs' Motion for Permanent Injunction. I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would testify competently thereto under oath.

2. On March 13, 2025, this Court entered an order that, *inter alia*, required Defendant Alexey Kondratiev ("Kondratiev") to transfer the domain, <olegvboyko.website> (the "Infringing Domain" or "Domain"), to Finstar. *See* ECF 67 at 10.

3. I, on behalf of Plaintiffs, then participated in communications with Namecheap, Inc. ("Namecheap"), as the registrar of the Domain, concerning the effectuation of the transfer of ownership of the Infringing Domain to Finstar. On or about April 9, 2025, the ownership of the Infringing Domain was successfully transferred to Finstar.

4. On or about April 14, 2025, the website located at the Infringing Domain was taken down and was no longer accessible to the public. On the same day, I personally verified that the website located at the Infringing Domain was no longer accessible to the public by attempting to visit the website in several different web browsers. Each time I attempted to visit the website, the page displayed stated that "This site can't be reached".

5. Between April 14, 2025, and the present, I repeatedly confirmed that the website located at the Infringing Domain was unavailable to the public, by attempting to visit the website several times each week. Each time I attempted to visit the website, I received only a page that stated "This site can't be reached". A true and correct copy of the printout from my most recent attempt to visit the website located at the Infringing Domain

is attached hereto as **Exhibit 1**.

      6.    To my knowledge, no aspect of the website located at the Infringing Domain has been publicly accessible since at least April 14, 2025.

      I declare under penalty of perjury under the laws of the United States and the State of Arizona that the foregoing is true and correct.

      Executed on June 9, 2025, at Los Angeles, California.

                                  s/ *David J. Beddingfield*
                                  David J. Beddingfield

# EXHIBIT 1



## This site can't be reached

Check if there is a typo in olegvboyko.website.

If spelling is correct, try running Windows Network Diagnostics.

DNS_PROBE_FINISHED_NXDOMAIN

Reload