**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Oleg Boyko, et al., | No. CV-23-01186-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Alexey Kondratiev, et al., | |
| Defendants. | |

On March 13, 2025, the Court granted partial summary judgment for Plaintiffs Oleg Boyko and Finstar-Holding LLC ("Finstar") and against Defendant Alexey Kondratiev on an infringement claim under 15 U.S.C. § 1125(d)(1) for the use of the domain name <olegvboyko.website> ("Domain") to tarnish and disparage the Oleg Boyko name ("Boyko Mark"), which Finstar registered with the Patent and Trademark Office ("PTO") as a service mark. (Doc. 67.) The Court also ordered the transfer of the Domain to Finstar. (*Id.* at 10.) Now before the Court are two motions: Plaintiffs' motion for statutory damages (Doc. 70) and motion for a permanent injunction (Doc. 71). Plaintiffs seek $100,000 in statutory damages and a permanent injunction enjoining Kondratiev from infringing upon the Boyko Mark. The motions are fully briefed (Docs. 72, 73, 74, 75) and for the reasons set forth herein are granted, but with a lower statutory damages award than requested.

**I.   Background**

Boyko is Chairman of Finstar Financial Group ("Finstar Financial"), an

international private equity and investment advisory group. (Doc. 60-4 at 9.) Boyko also owns Plaintiff Finstar, a Russian company and member of the Finstar Financial family of companies. (*Id.*) In 2015, Boyko created a website available at <https://oleg-boyko.com/>. (*Id.*) Finstar owns protectable interests in the registered international trademark consisting of the name "Oleg Boyko." (*Id.* at 192-201.) It similarly obtained a United States service mark consisting of the name "Oleg Boyko" in 2022. (*Id.* at 203-04.)

Kondratiev is a Canadian citizen who previously sued Boyko and a New York company affiliated with Finstar Financial in the Ontario Superior Court of Justice in separate but related lawsuits. (*Id.* at 184-85.) In August 2017, shortly after dismissal of Kondratiev's suit against Boyko was confirmed on appeal, the Domain was registered with Namecheap, a domain name registrar. (Doc. 60-3 at 57.) A website linked to the domain was then created and populated with information about Boyko ("Website"), including allegations of criminality. (*Id.* at 70; Doc. 60-4 at 1-2.)

Plaintiffs sued Kondratiev and the Domain alleging: (1) a violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), by Finstar against Kondratiev; (2) a violation of 15 U.S.C. § 8131, by Boyko against Kondratiev; and (3) an in rem ACPA claim against the Domain, seeking transfer of the Domain to Finstar. (Doc. 1 at 6-10.) The Court granted summary judgment for Plaintiffs on Kondratiev's liability under the ACPA and ordered the transfer of the Domain to Finstar. (Doc. 67 at 10.) In its summary judgment order, the Court found that Kondratiev used the alias "Anna Lee" to register the Domain and the Website. (Doc. 67 at 7.) At a trial scheduling conference, the parties decided a trial was unnecessary because Plaintiffs would be requesting statutory instead of actual damages. The Court then ordered the parties to brief the issue of damages. (Doc. 68.)

## II.     Statutory Damages

Plaintiffs request $100,000 in statutory damages. (Doc. 70 at 11.) Under 15 U.S.C. 1117(d):

> In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the

amount of not less than $1,000 and not more than $100,000 per domain name, as the court considers just.

Plaintiffs are entitled to some amount of statutory damages because the Court found Kondratiev liable under § 1125(d)(1). (Doc. 67 at 10.)

If a plaintiff selects statutory damages, "[t]he court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (quotation omitted) (discussing statutory damages provisions of the Copyright Act); *Kiva Kitchen & Bath Inc. v. Capital Distrib. Inc.*, 319 Fed. App'x 316, 320 (5th Cir. 2009) (quoting *Columbia Pictures*, 259 F.3d at 1194, for identical proposition under the ACPA).

To determine a reasonable amount of statutory damages, district courts in this circuit generally consider a number of factors including: (1) "the egregiousness or willfulness of the defendant's cybersquatting," (2) "the defendant's use of false contact information to conceal its infringing activities," (3) "the defendant's status as a 'serial' cybersquatter," and (4) "other behavior by the defendant evidencing an attitude of contempt towards the court of the proceedings." *Verizon Cal., Inc. v. OnlineNIC, Inc.*, No. C 08-2832 JF (RS), 2009 WL 2706393, at *3 (N.D. Cal. Aug. 25, 2009).

Here, Plaintiffs have shown that Kondratiev willfully appropriated the Boyko Mark, including the full and correctly spelled name of Boyko in the use of the Domain, to tarnish and disparage the Boyko Mark. Further, Kondratiev provided false contact information, the alias "Anna Lee," to register the Domain. But there is no evidence that Kondratiev is a serial cybersquatter or that he showed contempt for judicial proceedings. Regarding the contempt factor, Plaintiffs rely, in part, on Kondratiev's behavior in previous legal proceedings between the parties in the Ontario Superior Court of Justice. (Doc. 70 at 14.) That is not, however, evidence of contempt in this proceeding. Additionally, Kondratiev only cybersquatted on a single domain.

Accordingly, the Court concludes that $50,000.00 is an appropriate statutory

damages award. *See M.I.B. Group LLC v. Aguilar*, No. 5:23-cv-01597-SVW-SHK, 2024 WL 3857540, at *25 (C.D. Cal. July 16, 2024) (noting courts "often opt for a figure in the middle of th[e] range" when "a defendant acted willfully, but was not a serial cybersquatter").

### III. Permanent Injunction

Plaintiffs also ask the Court to permanently enjoin Kondratiev from infringing on the Boyko Mark. Under 15 U.S.C. 1116(a), district courts:

> have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of this title.

But a permanent injunction "should not be granted as a matter of course." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010). To obtain a permanent injunction, a plaintiff must show: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006); *see Herb Reed Enters., LLC v. Fla. Enter. Mgmt., Inc.*, 736 F.3d 1239, 1248-50 (9th Cir. 2013) (applying *eBay* factors to trademark law).

First, § 1116(a) provides Plaintiffs "a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction." Plaintiffs are entitled to this presumption because the Court found Kondratiev violated § 1125(d)(1). (Doc. 67 at 10.) Kondratiev has not rebutted this presumption but rather asserts that "Plaintiffs have provided no evidence that proves their allegations of irreparable injury." (Doc. 73 at 8.) This is insufficient. "The presumption of irreparable harm 'acts as a procedural device which places the ultimate burden of production on the question of irreparable harm onto the alleged infringer.'" *Polymer*

*Techs., Inc. v. Bridwell*, 103 F.3d 970, 974 (Fed. Cir. 1996) (quotation omitted). Kondratiev has not met his burden to rebut the presumption that Plaintiffs have suffered irreparable injury.

Second, Plaintiffs' irreparable harm indicates that damages at law are inadequate to remedy Kondratiev's violation. "The terms 'inadequate remedy at law' and 'irreparable harm' describe two sides of the same coin. If the harm being suffered by plaintiff . . . is 'irreparable,' then the remedy at law (monetary damages) is 'inadequate.'" 5 McCarthy on Trademarks and Unfair Competition § 30:2. Moreover, permanent injunctions are "the usual and normal remedy" for trademark infringement. *See id.* § 30:1.

Third, the balance of the equities favors Plaintiffs. If the Court issues an injunction, Kondratiev merely would be required to refrain from illegally infringing on the Boyko Mark. *See Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006) (noting that a defendant suffers no hardship in merely "refraining from willful trademark infringement"); *see also AECOM Energy and Constr., Inc. v. Morrison Knudsen Corp.*, 748 Fed. App'x 115, 120 (9th Cir. 2018). In contrast, without an injunction Plaintiffs would be left with little protection against potential future infringement, despite their success in this litigation. Under the circumstances, the balance of hardships weighs in Plaintiffs' favor.

Finally, the public interest would not be disserved by a permanent injunction. "The public interest inquiry primarily addresses impact on non-parties rather than parties." *Sammartano v. First Jud. Dist. Ct.*, 303 F.3d 959, 974 (9th Cir. 2002). An injunction prohibiting Kondratiev from infringing the Boyko Mark does not primarily affect non-parties, but the public is generally well served by the enjoining of trademark infringement. *See, e.g.*, *Skydive Ariz., Inc. v. Quattrocchi*, No. CV-05-2656-PHX-MHM, 2010 WL 1743189, at *4 (D. Ariz. Apr. 29, 2010) (noting "the public, not just the private litigant, is harmed by an inadequate response to trademark infringement or other Lanham Act violations")

Plaintiffs have carried their burden on all four prongs and the Court will permanently enjoin Kondratiev from infringing the Boyko Mark.

**IT IS ORDERED** that Plaintiffs' motion for statutory damages (Doc. 70) and motion for permanent injunction (Doc. 71) is **GRANTED** as follows:

1. Kondratiev shall pay Plaintiffs $50,000 in statutory damages, pursuant to 15 U.S.C. § 1117(d).
2. Kondratiev, his agents, employees, and any other person or entity, acting in active concert with him or under his direction, with notice of this Order shall be permanently enjoined from:
   a. registering, using, owning, operating, maintaining, administering, and/or otherwise exercising control over any domain name or website that utilizes, incorporates, or in any way employs the Boyko Mark, Mr. Boyko's name, or any other word, term, or name confusingly similar to the Boyko Mark; and
   b. assisting, aiding, and/or abetting any other person or business entity in engaging in or performing any of the above activities.
3. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 1st day of October, 2025.

Douglas L. Rayes
Senior United States District Judge